Case 4:18-cr-00240   Document 38   Filed on 05/31/19 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v.                              § | CRIMINAL NO. 4:18-0240 |
| § | |
| JULIAN BOCANEGRA-LUPIAN,  § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Julian Bocanegra-Lupian's Motion to Withdraw Guilty Plea ("Motion to Withdraw Plea" or "Motion") [Doc. # 31]. The Government responded,[1] and Defendant replied.[2] The Motion is ripe for decision. Based on the parties' briefing, relevant matters of record, and pertinent legal authority, the Court **grants** Defendant's Motion.

### I.   BACKGROUND

On September 13, 2018, Defendant pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326.[3]

---

[1]   Government's Response to Defendant's Motion to Withdraw Guilty Plea ("Response") [Doc. # 35].

[2]   Defendant's Reply to Government's Response to Defendant's Motion to Withdraw Guilty Plea ("Reply") [Doc. # 37].

[3]   Re-arraignment [Doc. # 18].

On October 1, 2018, Assistant Federal Public Defender Aisha Dennis entered a notice of appearance in this case, replacing the previously assigned Assistant Federal Public Defender.  On November 6, 2019, the Court granted Defendant's request to continue sentencing to give new counsel adequate time to review Defendant's file, research the issues in his case, and become personally prepared to represent him.[4]

On May 13, 2019, Defendant requested leave to withdraw his guilty plea. Defendant contends that after his current counsel received and reviewed the Government's discovery responses, which included previously undisclosed removal proceeding recordings, counsel concluded that Defendant may have a meritorious defense to the illegal reentry charge.  Specifically, Defendant contends his prior removal order was entered without subject matter jurisdiction because the relevant Notice to Appear ("NTA") failed to specify a date, time, and place for the removal proceedings.  Defendant submits that under federal statute, regulations, and the Supreme Court's recent decision in *Pereira v. Sessions*, NTAs *must* provide notice of the date and time of the removal proceedings to be valid and to vest jurisdiction in the immigration court.  *See Pereira v. Sessions*, 138 S. Ct.

---

[4]   Unopposed Motion for Continuance [Doc. # 25]; Order dated November 6, 2019 [Doc. # 26].

2105, 2110-14 (2018). Defendant further contends that the removal proceedings were fundamentally unfair and failed to comport with due process because his counsel during those proceedings failed to advise him of his right to seek protection under the Convention Against Torture ("CAT") and because his guilty plea to the state crime which ultimately was the basis for his removal was predicated on erroneous legal advice that he would not lose his legal permanent resident ("LPR") status.

On the same day he filed his Motion to Withdraw Plea, Defendant filed a Motion to Dismiss Indictment ("Motion to Dismiss") [Doc. # 32], raising the aforementioned collateral attacks to his prior removal order.

## II. LEGAL STANDARD

"A defendant does not have an absolute right to withdraw his guilty plea." *United States v. Lord*, 915 F.3d 1009, 1014 (5th Cir. 2019). The Court, however, has discretion to allow a defendant to withdraw his guilty plea before sentencing "if the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). "The defendant bears the burden of establishing a fair and just reason for withdrawing his plea." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). In deciding whether to allow a defendant to withdraw his guilty plea, district courts consider several factors:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984) (footnotes omitted). "The *Carr* factors are considered for the totality of the circumstances, and the district court is not required to make a finding as to each individual factor." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). The *Carr* factors "are non-exclusive." *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014).

### III.  DISCUSSION

After reviewing the *Carr* factors and considering the totality of the circumstances, the Court concludes that Defendant's request to withdraw his guilty plea should be **granted**.

#### A.  Factor 1—Innocence

This *Carr* factor weighs against granting Defendant's Motion. Defendant asserts he is legally innocent of illegal reentry because his prior removal order was issued without jurisdiction. Defendant does not deny that he was in fact deported or that he reentered the United States without permission. His argument is,

4

instead, "an assertion of [his] legal innocence based on perceived potential defenses to the offense." *See Lord*, 915 F.3d at 1014. A claim of legal innocence, realized after he entered his guilty plea, is not a basis to withdraw his plea. *See id.* Because Defendant only assert his legal innocence, not his factual innocence, this factor weighs against granting Defendant's Motion.

### B.     Factors 2, 4, and 7—Prejudice, Inconvenience, and Waste of Resources

The Court concludes that Factor 2 (prejudice to the United States), Factor 4 (inconvenience to the Court), and Factor 7 (waste of judicial resources) are neutral. Responding to and resolving Defendant's Motion to Dismiss will require effort by the Government and the Court, but the effort will not be substantial. Defendant's request is for the limited purpose of asserting his pretrial Motion to Dismiss, raising primarily issues the Government and this Court have addressed on multiple occasions. Moreover, any burden upon the Government and the Court is justified by need for convictions to be obtained after reasoned consideration of significant issues. Accordingly, these three *Carr* factors are neutral.

### C.     Factor 3—Delay

Defendant did not unduly delay his request to withdraw his guilty plea and Defendant has a plausible basis for not having raised his *Pereira* challenge before pleading guilty. While *Pereira* was decided in June 2018—several months before

5

Defendant entered his guilty plea on September 13, 2018—federal district courts in Texas had not yet applied *Pereira* to dismiss an illegal reentry indictment based on a deficient NTA. *See United States v. Pedroza-Rocha*, EP-18-CR-1286-DB, 2018 WL 6629649, at *5 (W.D. Tex. Sept. 21, 2018) (dismissing an illegal reentry indictment based on the fact that the NTA in the immigration proceeding lacked a date and time). Counsel for Defendant also represents, without contravention from the Government, that the delay in discovering the *Pereira* issue arose, in part, because of the time it took for the Government to produce relevant discovery. Motion at 4; Reply at 3-4. This *Carr* factor weighs in favor of granting Defendant's Motion.

### D. Factors 5 and 6—Close Assistance of Counsel and Knowing and Voluntary Plea

Defendant contends that close assistance of counsel was present at his plea. *See* Motion at 4. Defendant nevertheless maintains that this factor should be given less weight because just after his plea, the local law began to expand *Pereira* to illegal reentry criminal cases.

Defendant also contends his plea was not entered knowingly because it was entered without awareness of the potential upcoming expansion of *Pereira* by federal courts in Texas. The Court finds that Defendant's entry of a guilty plea without an appreciation of the potential for the expansion of *Pereira* by federal

district courts in Texas to cover illegal reentry cases renders his plea not knowingly entered. Accordingly, *Carr* factor 6 weighs in favor of granting Defendant's Motion.

### E. The Totality of the Circumstances Weigh in Favor of Granting Defendant Leave to Withdraw His Guilty Plea

The most important consideration that weighs in favor of permitting Defendant to withdraw his guilty plea is the extreme consequences of a conviction. Defendant represents, and the Government does not rebut, that his conviction will violate a condition of his state parole, triggering an automatic life sentence. These extreme consequences support the conclusion that it is fair and just for the Court to allow Defendant to withdraw his guilty plea.

In response, the Government contends that withdrawal would waste judicial resources because Defendant's Motion to Dismiss is meritless. While this Court has previously rejected *Pereira* motions similar to Defendant's, several other district courts have been convinced by *Pereira*-based arguments and the Fifth Circuit has not definitively resolved whether *Pereira*-based challenges to illegal reentry charges have merit. Moreover, the Government fails to challenge the merits of Defendant's other grounds for dismissal of the indictment—that his counsel during removal proceedings failed to advise him of his rights under the CAT and that his state guilty plea was predicated on erroneous legal advice. Even

7

if Defendant's Motion to Dismiss has a low likelihood of success, whether before this Court or on appeal, Defendant nevertheless has shown a fair and just reason for withdrawal of his guilty plea. *See United States v. Rojas Osorio*, No. 17-CR-00507-LHK-1, 2018 WL 6069935, at *2 (N.D. Cal. Nov. 20, 2018) ("'A marked shift in governing law that gives traction to a previously foreclosed or unavailable argument may operate as a fair and just reason to withdraw a guilty plea.' In such cases, a defendant 'need not show that his new arguments will be successful on their merits.'" (internal citations omitted)).

## IV.   CONCLUSION AND ORDER

Given the extreme consequences of Defendant's conviction, the potential merit to his *Pereira* challenge, and Defendant's other potential challenges to his prior conviction, Defendant demonstrates a "fair and just reason" for withdrawal of his guilty plea. It is therefore

**ORDERED** that Defendant's Motion to Withdraw Guilty Plea [Doc. # 31] is **GRANTED** and Defendant's guilty plea is **WITHDRAWN** for the limited purpose of resolving Defendant's Motion to Dismiss Indictment [Doc. # 32]. It is further

**ORDERED** that sentencing in this case is **RESET** to **June 25, 2019,** at **2:00 p.m**. It is further

**ORDERED** that the Government must file on or before **June 3, 2019,** a response to Defendant's Motion to Dismiss Indictment, and Defendant may file on or before **June 10, 2019**, a reply in support of his Motion to Dismiss Indictment.

SIGNED at Houston, Texas, this 31st  day of **May, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE